**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **CURTIS LEE SHEPPARD, JR.,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:12-CV-00061-O-BL |
| | § | |
| | § | |
| **DIRECTOR TDCJ-CID,** | § | |
| | § | |
| | § | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

Curtis Lee Sheppard, Jr. ("Sheppard"), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 13, 2012. (Doc. 3.) At the time of filing, Sheppard was confined in the Texas Department of Criminal Justice's ("TDCJ") Michael Unit in Tennessee Colony, Texas. (Doc. 3.) Sheppard did not consent to proceed before a United States magistrate judge. The Director of TDCJ, Rick Thaler, did not answer the petition. For the reasons stated herein, it is recommended the petition be dismissed.

**I.   BACKGROUND**

On June 24, 2010, Sheppard was sentenced to fifty (50) years' confinement in a state penitentiary after his conviction for possession of a controlled substance. (Doc. 3 at 2.) Sheppard appealed and Texas' Fifth Court of Appeals affirmed the conviction and trial court's judgment on December 14, 2011. *Sheppard v. State*, 05-11-00852-CR, 2011 WL 6228341 (Tex. App.—Dallas Dec. 14, 2011, pet. ref'd) (not designated for publication). On January 10, 2012, Sheppard

filed a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals ("TCCA").[1] The TCCA denied Sheppard's PDR on February 15, 2012.[2]

On April 13, 2012, Sheppard filed the writ currently pending before this Court. Subsequently, Sheppard filed motions for forensic DNA testing with the trial court in Wichita Falls, Texas. *Sheppard v. State*, 02-12-00234-CR, 2013 WL 3488264, at *1 (Tex. App.—Fort Worth July 11, 2013, pet. ref'd), (mem. op., not designated for publication). The trial court denied Sheppard's motions for forensic DNA testing and Sheppard appealed to Texas' Second Court of Appeals. *Id.* In a memorandum opinion, the Second Court of Appeals affirmed the trial court's ruling on July 11, 2013. *Id.* Sheppard then filed a PDR with the TCCA on July 29, 2013, which was refused on September 18, 2013.[3]

Next, Sheppard attempted to have the drugs re-weighed by seeking mandamus relief in the trial court. *Sheppard v. State*, 02-14-00079-CR, 2014 WL 2199744, at *1 (Tex. App.—Fort Worth May 8, 2014, pet. ref'd) (mem. op., not designated for publication). Once again, the trial court denied Sheppard's writ and he appealed to the Second Court of Appeals. *Id.* On May 8, 2014, the Second Court of Appeals dismissed Sheppard's appeal citing no jurisdiction to grant relief. *Id.* Sheppard promptly filed a PDR with the TCCA on May 27, 2014, seeking review of the Second Court of Appeals' dismissal.[4] The TCCA denied Sheppard's PDR on September 17, 2014.[5] Finally, Sheppard filed a Motion for a Defense Chemist with this Court on May 11, 2015. (Doc. 32.)

---

[1] *See* http://www.search.txcourts.gov/Case.aspx?cn=PD-0052-12&coa=coscca
[2] *Id.*
[3] *See* http://www.search.txcourts.gov/Case.aspx?cn=PD-0967-13&coa=coscca
[4] *See* http://www.search.txcourts.gov/Case.aspx?cn=PD-0672-14&coa=coscca
[5] *Id.*

In his petition for habeas relief pending before this Court, Sheppard contends that Fifth Court of Appeals in Dallas erred by failing to follow its "own procedural rules and regulations" by not requiring the State (Appellee) to file an appellee's brief prior to affirming the trial court's decision. (Doc. 3 at 6.) Sheppard's petition lists four grounds for habeas relief, all centering around the Fifth Court of Appeals' failure to require the appellee to file a brief and citing Texas Rules of Appellate Procedure 1, 2, and 38. *Id.* at 6-7. Sheppard claims that he was prejudiced by the court of appeals' error because it infringed upon his "liberty interest protected by the 14th Amendment." *Id.* at 7. Finally, Sheppard argues that the Court should grant an evidentiary hearing and reverse his conviction "for want of prosecution." *Id.* It appears from the petition that Sheppard equates the State's omission in filing an appellee's brief with failure to pursue his case. *Id.* As such, Sheppard considers his original appeal "indisputable" and "unrebutted" and questions how the Fifth Court of Appeals could affirm his conviction. *Id.* at 8.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this Court's habeas review, provides in relevant part that:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to

>be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chester v. Thaler*, 666 F.3d 340, 347 (5th Cir. 2011). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court unreasonably applies the correct legal rule to the facts of a particular case, unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407; *Canales v. Stephens*, 765 F.3d 551, 563 (5th Cir. 2014). "Adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Landry v. Cain*, 445 Fed. App'x 817, 822 (5th Cir. 2011) (quoting *Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir.2002) (en banc).

The resolution of factual issues by a state court is presumed correct and will stand undisturbed unless the habeas petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hall v. Quarterman*, 534 F.3d 365, 380 (5th Cir. 2008). "[S]tate-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams*, 529 U.S. at 389.

### III.   DISCUSSION

The Court need not delve deeply into the substance of Sheppard's claims to reach its recommendation to dismiss this writ. The crux of Sheppard's arguments is that the Fifth Court of Appeals erred when it failed to require the State to file an appellee's brief in his original appeal. (Doc. 3 at 6-7.) As a result, Sheppard contends that Texas Rules of Appellate Procedure ("TRAP") would entitle him to a default reversal in the Fifth Court of Appeals. *Id.* Finally, Sheppard argues that the Fifth Court of Appeals infringed upon his "liberty interest protected by the 14th Amendment" when they did not reverse his conviction. *Id.* at 7. However, the State did in fact file an appellee's brief in Sheppard's original appeal on May 31, 2011, in the Second Court of Appeals.[6] Therefore, Sheppard's grounds for this writ of habeas corpus are moot.

For the sake of argument, the Court will briefly address Sheppard's contention regarding the State's failure to file an appellee's brief. First, Sheppard posits that TRAP 38.2—the rule addressing the form of the appellee's brief—actually mandates the filing of an appellee's brief. (Doc. 3 at 6-8.) Sheppard's insistence that TRAP 38.2 commands the filing of an appellee's brief is incorrect. The Texas Courts of Appeals have decided on several occasions that the TRAP do "require appellant to either file a brief or state that he no longer desires to prosecute the appeal. TEX. R. APP. P. 38.8(b). However, there is no corresponding rule requiring the State to file a brief in response to appellant's brief." *Siverand v. State*, 89 S.W.3d 216, 219 (Tex. App.—Corpus Christi 2002, no pet.); *see also State v. Police*, 377 S.W.3d 33, 35 (Tex. App.—Waco 2012, no pet.). Accordingly, Sheppard's arguments that the appellee is required to file a brief are not in congruence with the current state law, and most importantly, not of consequence in this case since the State did file an appellee's brief.

---

[6] *See* http://www.search.txcourts.gov/Case.aspx?cn=02-10-00261-CR&coa=coa02; *see also* attached Court Exhibit A. The appeal was originally filed in the Second Court of Appeals and later transferred to the Fifth Court of Appeals on June 30, 2011.

Further, Sheppard suggests that he was denied the opportunity to file a reply brief, as allowed by TRAP 38.3, since the State did not file an appellee's brief. (Doc. 3 at 7-9.) Once more, the State did file an appellee's brief, but even if it had not, Sheppard's argument is erroneous. TRAP 38.3 reads, "The appellant may file a reply brief addressing any matter in the appellee's brief. However, *the appellate court may consider and decide the case before a reply brief is filed*." TEX. R. APP. P. 38.3 (emphasis added). The Court concedes that Sheppard did not file a reply brief in his original appeal, but there is no indication that he was denied the opportunity to file one.[7] In fact, Sheppard filed a "supplemental brief" on April 4, 2011, prior to the State ever filing its appellee's brief.[8] TRAP 38.3 clearly provides latitude for the appellate court to decide a case before a reply is filed, which is what occurred in Sheppard's case. As such, Sheppard's argument regarding his right to file a reply brief also fails.

## IV. CONCLUSION

The Court finds that the State did file an appellee's brief in Sheppard's original appeal to Texas' Second Court of Appeals. This fact renders moot all of Sheppard's grounds for habeas relief currently pending before the Court.

For the foregoing reasons, it is **RECOMMENDED** that the above-captioned cause be **DISMISSED** without prejudice. In addition, the Court recommends that all pending motions before the Court be **DENIED** and any relief not expressly granted be **DENIED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must

---

[7] *See* http://www.search.txcourts.gov/Case.aspx?cn=02-10-00261-CR&coa=coa02.
[8] *Id.*

file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 22nd day of July, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**

# COURT EXHIBIT A

# CASE: 02-10-00261-CR

| | |
|---|---|
| **DATE FILED:** | 06/29/2010 |
| **CASE TYPE:** | POSS OF A CONTROLLED SUBSTANCE |
| **STYLE:** | CURTIS LEE SHEPPARD, JR. |
| **V.:** | THE STATE OF TEXAS |
| **ORIG PROC:** | NO |
| **TRANSFER FROM:** | |
| **TRANSFER IN:** | |
| **TRANSFER CASE:** | |
| **TRANSFER TO:** | 5TH COURT OF APPEALS |
| **TRANSFER OUT:** | 06/30/2011 |
| **PUB SERVICE:** | |

## APPELLATE BRIEFS

| DATE | EVENT TYPE | DESCRIPTION | DOCUMENT |
|---|---|---|---|
| 05/31/2011 | BRIEF FILED - ORAL ARGUMENT NOT REQUESTED | STATE | |
| 04/04/2011 | SUPPLEMENTAL BRIEF RECEIVED | PRO SE | |
| 03/09/2011 | BRIEF FILED - ORAL ARGUMENT REQUESTED | APPELLANT | |
| 03/09/2011 | BRIEF RECEIVED - ORAL ARGUMENT REQUESTED | APPELLANT | |

## CASE EVENTS

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT |
|---|---|---|---|---|
| 06/30/2011 | CASE TRANSFERRED FROM THIS COURT TO ANOTHER COURT OF APPEALS | | MOTION OR WRIT GRANTED | |
| 06/17/2011 | ORDER ENTERED | ACTION BY COURT ON OWN MOTION | | |
| 06/15/2011 | PETITION FOR WRIT OF MANDAMUS RECEIVED | APPELLANT | | |
| 05/31/2011 | LETTER ISSUED BY THE COURT | ACTION BY COURT ON OWN MOTION | | |
| 05/31/2011 | CASE READY TO BE SET | | | |
| 05/31/2011 | BRIEF FILED - ORAL ARGUMENT NOT REQUESTED | STATE | | |
| 05/13/2011 | MOTION DISPOSED | PRO SE | MOTION OR WRIT DENIED | |

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT |
|---|---|---|---|---|
| 05/13/2011 | MOTION DISPOSED | PRO SE | MOTION OR WRIT GRANTED | |
| 05/12/2011 | MOTION FILED | PRO SE | | |
| 05/12/2011 | MOTION FILED | PRO SE | | |
| 05/04/2011 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF DISPOSED | STATE | MOTION OR WRIT GRANTED | |
| 05/03/2011 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF FILED | STATE | | |
| 05/02/2011 | LETTER ISSUED BY THE COURT | ACTION BY COURT ON OWN MOTION | | |
| 04/14/2011 | LETTER RECEIVED | PRO SE | | |
| 04/08/2011 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF DISPOSED | STATE | MOTION OR WRIT GRANTED | |
| 04/08/2011 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF FILED | STATE | | |
| 04/07/2011 | LETTER RECEIVED | PRO SE | | |
| 04/04/2011 | SUPPLEMENTAL BRIEF RECEIVED | PRO SE | | |
| 03/16/2011 | SUPPLEMENTAL CLERKS RECORD FILED | DISTRICT CLERK | | |
| 03/11/2011 | LETTER ISSUED BY THE COURT | ACTION BY COURT ON OWN MOTION | | |
| 03/10/2011 | LETTER ISSUED BY THE COURT | ACTION BY COURT ON OWN MOTION | | |
| 03/09/2011 | BRIEF FILED - ORAL ARGUMENT REQUESTED | APPELLANT | | |
| 03/09/2011 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF DISPOSED | APPELLANT | MOTION OR WRIT GRANTED | |
| 03/09/2011 | BRIEF RECEIVED - ORAL ARGUMENT REQUESTED | APPELLANT | | |
| 03/09/2011 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF FILED | APPELLANT | | |
| 03/03/2011 | NOTICE OF LATE BRIEF | APPELLANT | | |
| 03/02/2011 | LETTER RECEIVED | PRO SE | | |
| 02/11/2011 | LETTER ISSUED BY THE COURT | ACTION BY COURT ON OWN MOTION | | |
| 01/20/2011 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF DISPOSED | APPELLANT | MOTION OR WRIT GRANTED | |

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT |
|---|---|---|---|---|
| 01/19/2011 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF FILED | APPELLANT | | |
| 01/18/2011 | LETTER RECEIVED | PRO SE | | |
| 11/15/2010 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF DISPOSED | APPELLANT | MOTION OR WRIT GRANTED | |
| 11/15/2010 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF FILED | APPELLANT | | |
| 10/19/2010 | REPORTERS RECORD FILED | COURT REPORTER | | |
| 08/25/2010 | EXTENSION OF TIME TO FILE REPORTERS RECORD DISPOSED | COURT REPORTER | MOTION OR WRIT GRANTED | |
| 08/24/2010 | EXTENSION OF TIME TO FILE REPORTERS RECORD FILED | COURT REPORTER | | |
| 08/24/2010 | CLERKS RECORD FILED | DISTRICT CLERK | | |
| 07/09/2010 | LETTER ISSUED BY THE COURT | ACTION BY COURT ON OWN MOTION | | |
| 07/08/2010 | DOCKETING STATEMENT FILED | APPELLANT | | |
| 06/29/2010 | NOTICE OF APPEAL FILED IN COURT OF APPEALS | APPELLANT | | |

## CALENDARS

| SET DATE | CALENDAR TYPE | REASON SET |
|---|---|---|
| 06/30/2011 | CASE STORED | CASE STORED |

## PARTIES

| PARTY | PARTYTYPE | REPRESENTATIVE |
|---|---|---|
| THE STATE OF TEXAS | CRIMINAL - STATE OF TEXAS | JOHN BRASHER<br>MAUREEN SHELTON |
| SHEPPARD, JR., CURTIS LEE | CRIMINAL - APPELLANT | J. BRUCE HARRIS |

## TRIAL COURT INFORMATION

**COURT:** 78TH DISTRICT COURT

**COUNTY:** WICHITA

**COURT JUDGE:** HONORABLE W. BERNARD FUDGE

**COURT CASE:** 48,429-B
**COURT REPORTER:**

**PUNISHMENT:** 50 YEARS IDTDCJ

Case 7:12-cv-00061-O   Document 34   Filed 07/22/15   Page 12 of 14   PageID 170

# CASE 05-11-00852-CR

| | |
|---|---|
| **DATE FILED:** | 06/29/2010 |
| **CASE TYPE:** | POSSESSION OF COCAINE |
| **STYLE:** | SHEPPARD JR., CURTIS LEE |
| **V.:** | THE STATE OF TEXAS |
| **ORIG PROC:** | NO |
| **TRANSFER FROM:** | |
| **TRANSFER IN:** | |
| **TRANSFER CASE:** | |
| **TRANSFER TO:** | |
| **TRANSFER OUT:** | |
| **PUB SERVICE:** | |

## APPELLATE BRIEFS

| DATE | EVENT TYPE | DESCRIPTION | DOCUMENT |
|---|---|---|---|
| **NO BRIEFS.** | | | |

## CASE EVENTS

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT | |
|---|---|---|---|---|---|
| 01/15/2013 | LETTER RECEIVED | | | LTR RECVD | [ PDF ] |
| 12/17/2012 | LETTER ISSUED BY THE COURT | | | LETTER SENT | [ PDF/31 KB ] |
| | | | | NOTICE | [ PDF/107 KB ] |
| 12/14/2012 | MOTION FILED | APPELLANT | | MOTION FILED | [ PDF/623 KB ] |
| 05/03/2012 | MANDATE ISSUED | | | | |
| 12/14/2011 | OPINION ISSUED | | AFFIRMED | | |
| 06/29/2010 | NOTICE OF APPEAL FILED IN COURT OF APPEALS | CRIMINAL | | | |

## CALENDARS

| SET DATE | CALENDAR TYPE | REASON SET |
| --- | --- | --- |
| 05/03/2012 | CASE STORED | CASE STORED |

## PARTIES

| PARTY | PARTYTYPE | REPRESENTATIVE |
| --- | --- | --- |
| **NO PARTY.** | | |

## TRIAL COURT INFORMATION

**COURT:**

**COUNTY:**

**COURT JUDGE:**

**COURT CASE:**

**COURT REPORTER:**

**PUNISHMENT:**